```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Mary Lewis,                          :

     Plaintiff,                 :

  v.                                 :        Case No. 2:13-cv-568

                                                     :        JUDGE JAMES L. GRAHAM
Commissioner of Social Security,              Magistrate Judge Kemp
                                                     :

     Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Mary Lewis filed this case after unsuccessfully applying for social security disability benefits and supplemental security income.  She submitted a complaint and motion for leave to proceed *in forma pauperis* on June 14, 2014, which was officially filed three days later.

After the complaint was served, the Commissioner appeared through counsel and filed a motion to dismiss or, in the alternative, for summary judgment.  The attachments to the motion, including a declaration from an official of the Social Security Administration and copies of documents from Ms. Lewis' social security case, show that the Commissioner's final administrative decision in this case - an unfavorable decision from the Appeals Council - was made on March 14, 2014.  It was mailed to her the same day.  The letter enclosing the decision told Ms. Lewis that she had sixty days to file a civil action, that the 60-day period began the day after she received the letter, and that it would be assumed that she received the letter five days after it was mailed.  It also spelled out the procedures to follow if she needed to ask for more time.

Sixty days from March 19, 2014 - the date five days after the letter was mailed to Ms. Lewis - was May 18, 2014.  Consequently, Ms. Lewis filed this action almost a month late.  The Commissioner asks the Court to dismiss the case on that basis.  Ms. Lewis' complaint did not address the issue of why it was late, and she has

not responded to the Commissioner's motion.

    42 U.S.C. §405(g), the law which allows this Court to review decisions of the Commissioner of Social Security on disability applications, says that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." This is what is known as a limitations period, and it limits the time within which an unsuccessful claimant may file suit. See, e.g., Bowen v. City of New York, 476 U.S. 467, 478 (1986). The Court of Appeals for this judicial circuit "has consistently upheld the proper application by a district court of the limitation period contained in § 405(g)" to dismiss cases not timely filed. White v. Commissioner of Social Sec., 83 Fed. Appx. 70, 71-72 (6th Cir. Nov. 26, 2003). This Court has routinely dismissed social security cases because they were not filed on time. See, e.g, Herman v. Astrue, 2010 WL 5504667 (S.D. Ohio Dec. 13, 2010), adopted and affirmed 2011 WL 17701 (S.D. Ohio Jan. 4, 2011). There is no reason in the record of this case which would justify a different result. It is therefore **RECOMMENDED** that the motion to dismiss be **GRANTED** and that this case be **DISMISSED** because it was not filed within the time allowed in 42 U.S.C. §405(g).

PROCEDURE ON OBJECTIONS

    If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir.1981).

>  /s/ Terence P. Kemp
>  United States Magistrate Judge